IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GLENN E. JONES,

Plaintiff,

v. CASE NO. 5:05-cv-00074-SPM-AK

BAY COUNTY SOLID WASTE,
RICHARD HUNT,
RANDY JOHNSON,
ALICE MARTIN,

Defendants.
_____________________________/

**O R D E R**

This matter is before the Court on Plaintiff's *pro se* complaint, which he has filed on a Title VII form. Doc. 1. Plaintiff has paid the filing fee. Plaintiff claims that he "was discriminated against for documenting life threatening safety issues at job site" and was terminated for documenting his concerns. *Id*.

To come within the purview of Title VII, Plaintiff must allege that he was terminated based on his race, color, religion, sex, or national origin or retaliated against for exercising his rights under Title VII. *See* 42 U.S.C. §§ 2000e-2 and 2000e-3. The essence of the instant complaint is that Plaintiff was terminated for engaging in whistleblowing activity totally unrelated to any matter covered by Title VII. In short, Plaintiff has not stated a cause of action under Title VII.

At this stage, the Court cannot tell if Plaintiff has stated some other cognizable cause of action. For this Court to have subject matter jurisdiction over Plaintiff's claims, they must arise under the Constitution, laws, or treaties of the United States or they must involve citizens of

different states and an amount in controversy exceeding $75,000. 28 U.S.C. § § 1331 & 1332. Although there are whistleblower provisions in various federal laws and protection under the First Amendment via 42 U.S.C. § 1983, Plaintiff has not identified sufficient facts for the Court to make a determination of whether he has stated a claim arising under the federal Constitution or a different federal law. For example, to state a cause of action under § 1983, Plaintiff's employer must be a state actor, not a private corporation. Furthermore, although Florida state law protects whistleblowing activity, *see* Fla. Stat. Ann. § 448.102, such a claim is not cognizable in this Court except in limited circumstances and must usually be pursued in state court.

The Court will therefore allow Plaintiff an opportunity to amend his complaint to bring it within this Court's subject matter jurisdiction. The Clerk will provide Plaintiff with a § 1983 form which he should complete if he determines that his claims arise under that statute. If Plaintiff determines that his claims arise under some other federal law or under this Court's diversity jurisdiction, then he may formulate his own complaint, paying special attention to state supporting facts and dates and the pertinent statutory provisions and to identify the person or persons who he believes are liable to him and their roles in his termination.

The Court will allow Plaintiff a longer than usual time for amendment so that he can attempt to locate legal counsel to assist him with the prosecution of this action.

Accordingly, it is **ORDERED**:

That the Clerk shall forward to Plaintiff the instructions for filing a non-prisoner § 1983 complaint which include forms for filing the amended complaint;

Plaintiff shall have until **September 12, 2005**, to file an "Amended Complaint" which

contains the information noted in the instructions provided by the Clerk;

**Failure to respond to this Order as instructed will result in a recommendation of dismissal of this action for failure to prosecute and failure to comply with an order of this Court**.

**DONE AND ORDERED** this 13th day of July, 2005.

s/A. Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**